■ In the Matter of MORRIS H. SWITZER, an Attorney.— Motion for reinstatement to the Bar granted. Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

## (March 19, 1965)

■ NATIONAL DAIRY PRODUCTS CORPORATION et al., Plaintiffs, v. LAWRENCE AMERICAN FIELD WAREHOUSING CORP., Defendant and Third-Party Plaintiff-Appellant. BROOKS BANKER, as Treasurer of American Express Company, Third-Party Defendant-Respondent. (And Related Cases.) — Order, entered on January 26, 1965, and re-entered on January 28, 1965, granting the motion of the third-party defendant to the extent of vacating the automatic stay of the disclosure proceedings, directing the taking of depositions and appointing a Referee to supervise said depositions, unanimously affirmed, with $30 costs and disbursements to respondent. In affirming the order we approve of the appointment of a Referee. While the power to appoint supervising Referees in disclosure proceedings should be exercised sparingly, particularly in advance of the actual commencement of such proceedings, the circumstances of this case justify such appointment. The nature of this case and its procedural posture are such as to require that the depositions be taken and completed with dispatch. The third-party claimant should have his motion for summary judgment considered without undue delay. The supervision by a Referee of the examination proceedings, we believe will aid in the expedition of the proceedings. Accordingly, the examination before trial should be commenced forthwith and be conducted with all deliberate speed to the end that the motion for summary judgment may be heard as soon as possible. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.

## (March 23, 1965)

■ In the Matter of AFFILIATED DISTILLERS BRANDS CORP. et al., Respondents, v. METROPOLITAN PACKAGE STORES ASSOCIATION, INC., et al., Appellants. — Order, entered on January 5, 1965, unanimously affirmed, with $30 costs and disbursements to petitioners-respondents. Special Term has ordered an examination of respondents in order to frame a complaint pursuant to CPLR 3102 (subd. [c]). We agree that respondents have shown a meritorious case for this relief. The only difficulty presented is that respondents have framed their request as a special proceeding and appellants argue that they were thereby prevented from submitting affidavits in opposition. Assuming that they are correct in this contention, no prejudice resulted. Counsel were invited on the argument to state what affidavits they would have submitted. It was apparent that nothing material would be forthcoming, and the nature of the proceeding indicates that it would be most unusual if answering affidavits would suit any purpose. Accordingly, no prejudice has been shown. Settle order on notice fixing dates for examinations to proceed. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.