Edward S. Conway, J.
This is a motion by the defendant Suburban Propane Gas Corporation for an order permitting it to have certain tests made of portions of a particular propane gas cylinder now in the custody of plaintiff Foster-Lipkins Corp. at the Metallurgy Laboratory of Rensselaer Polytechnic Institute, Troy, New York, bearing Serial No. S29535.
The action arose from a fire which is alleged to have occurred on January 15, 1969 at the South Mall in Albany, when a certain propane gas cylinder owned by defendant Suburban Propane Gas Corporation allegedly ruptured and leaked causing the fire which damaged property of the plaintiff.
The propane cylinder is now located at the Metallurgy Laboratory at Rensselaer Polytechnic Institute in Troy, and preliminary tests and analyses were made on certain sections taken from the cylinder. Defendant’s experts as well as plaintiff’s experts participated jointly in conducting the preliminary tests. Now;, the defendant wishes to remove the body and stem of the main valve for chemical analysis and to remove micro-sections from the valve body itself which would require two sections of the valve, each % inch by % inch in size, which would be obtained by cutting the valve down the center and taking sections from the two halves thereto, and in addition, defendant wishes to remove what are referred to as grip ends consisting of sections % inch by % inch from the fracture face of said cylinder as marked off in the exhibit annexed to the moving papers marked, “F 1”, “F 2”, and “F 3 ”.
The motion to make the tests just described is resisted by the plaintiff on the ground that the proposed testing procedures will result in the virtual destruction of certain parts of the cylinder and valve thereby altering and changing their condition and preventing their use at the trial as an important piece of real evidence.
The movant urges that the proposed tests must be performed in order to prepare the defense of the action particularly concerning the allegations as to the defects in the cylinder.
*459 The administration of justice profits by the progress of science. Resort should be had to scientific tests whenever the results disclosed by the tests can aid or elucidate the just determination of legal controversies. (Petruk v. South Ferry Realty Co., 2 A D 2d 533; Del Ra v. Vaughan, 2 A D 2d 156.) The defense of the action seems fundamentally to be dependent upon the results of such tests as are sought. This court is of the opinion that plaintiff’s interests will not be prejudiced if the tests take place before the exhibit is shown to the jury át a trial. What was said in Petruk v. South Ferry Realty Co. (supra) is also applicable here, that with the congestion of the jury calendars for the trial of negligence actions, all reasonable efforts should be made to facilitate the disposition of cases without resort to trial. The interests of the plaintiff can be safeguarded although the testing takes places before, instead of during the trial.
The tests should be made as described in the moving papers. Prior to the tests, plaintiff should be given 20 days’ notice of the time and place of the tests and if plaintiff so elects in writing, it may have representatives present at such tests. Plaintiff, if it so desires, should be permitted to examine and photograph the exhibit and/or the samples, before and after, each stage of the testing. The expense of the testing should be borne by the defendant and copies of the reports of the tests should be furnished to the plaintiff. (Petruk v. South Ferry Realty Co., supra; Canter v. American Cyanimid Co., 5 A D 2d 513.)
The motion of the defendant Suburban Propane Gas Corporation is granted as herein provided.