■ MARLENE DUNNE, Individually and as Administratrix of the Estate of DENISE L. CAIN, Deceased, Respondent, v BERNARD ZENE et al., Defendants, and GOODYEAR TIRE & RUBBER COMPANY, Appellant. — Order, Supreme Court, Bronx County (Di Fede, J.), entered on October 14, 1981, which granted defendant-appellant Goodyear's motion to the extent of directing, *inter alia,* that plaintiff produce the tire in issue for inspection, examination and testing by Goodyear Tire and Rubber Company at Inter City Testing Laboratories or

at a similar testing facility within the State of New York; that the testing be nondestructive and that plaintiff's expert may be present at said testing, is modified, on the law, the facts and in the exercise of discretion, to the extent of directing that inspection, examination and testing of this tire may be conducted in Akron, Ohio at Goodyear's laboratory, that plaintiff's expert may be present at this testing and that the travel and hotel expenses for plaintiff's expert are to be borne by Goodyear, and otherwise affirmed, without costs. In this wrongful death action, it is alleged that the fatal automobile accident was caused by a defective tire manufactured by Goodyear. Special Term granted Goodyear permission to test and examine this tire but not at an out-of-State facility. We agree that there is a need for the requested testing but do not agree that this procedure should not be conducted at appellant's tire laboratory in Ohio. Defendant, Goodyear, a leading manufacturer of tires, is being asked to respond in damages amounting to millions of dollars for the wrongful death of decedent. In addition, Goodyear has designed and constructed a special facility to conduct tests of this nature on their products. With millions of people of this country on the road each day, a corporation such as appellant which produces an integral part of wheeled vehicles, is more than likely required to answer an ever increasing number of complaints, alleging a defect in its product. Presumably with such a demand, Goodyear has developed, and will continue to develop, sophisticated tests and experiments in order to determine whether the product was manufactured with the appropriate care. To prohibit this testing in Ohio would be manifestly unfair and would deprive Goodyear of an equitable opportunity to defend. In order to prevent any abuse in the testing to be undertaken and to insure that there is no destruction of the tire, an expert of plaintiff's choice shall be permitted to be present when these tests and examinations are conducted (see *Petruk v South Ferry Realty Co.,* 2 AD2d 533; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3120.25). Concur — Ross, J. P., Markewich, Silverman, Bloom and Asch, JJ.