# (August 18, 1983)

■ JAMES MILLER, Respondent, v GEORGE HAUG Co., Defendant, and BRITISH LEYLAND MOTORS, INC., Appellant. — Order, Supreme Court, New York County (Dontzin, J.), entered May 18, 1982, which, *inter alia,* directed defendant Leyland's testing to go forward before a neutral expert at a neutral laboratory, unanimously modified, on the law and the facts, by vacating the fourth decretal paragraph and by substituting therefor a paragraph (i) directing plaintiff to turn over a copy of his expert's report, with opinions deleted, (ii) permitting Leyland to choose its own expert, with testing to go forward at the expert's laboratory with minimum destructive damage, (iii) permitting plaintiff's representative to be present at Leyland's testing, (iv) directing Special Term to determine the exact method of testing and (v) directing Leyland to turn over a copy of its expert's report, with opinions deleted, to the plaintiff. As modified, the order should otherwise be affirmed, without costs. Plaintiff Miller alleges that his corporation, Merlin Studios, Inc., purchased a Jaguar from defendant British Leyland Motors, Inc. (Leyland) in 1974. On June 24, 1979, the car allegedly exploded. In March of 1980, plaintiff Miller brought this action to recover damages on the theories of negligence, breach of warranty and strict products liability. The plaintiff's expert examined the remnants of the car and rendered a report with his opinions. Thereafter, parts of the vehicle were discarded while they were in the custody of the plaintiff. Defendant Leyland has yet to examine the component parts that are still in

existence. Generally, material prepared for litigation is not subject to disclosure unless a court finds that the material can no longer be duplicated because of a change in conditions and that withholding the material will result in injustice or induce hardship (CPLR 3101, subd [d]). Leyland has clearly shown a change in conditions by demonstrating that parts of the Jaguar have already been discarded. Undoubtedly, Leyland will be placed at a disadvantage at trial unless the report of plaintiff's expert, with his opinions deleted, is made available for discovery. Therefore, in order to prevent injustice, plaintiff is directed to turn over a copy of its expert's report, with his opinions deleted, to Leyland (CPLR 3101, subd [d], par 1; *Sucrest Corp. v Fisher Governor Co.*, 36 AD2d 702; *American Home Prods. Corp. v National Carloading Corp.*, 36 AD2d 934). In addition, Leyland will be permitted to choose its own expert, as plaintiff already did, to test the remaining parts at his laboratory with minimum destructive damage. Plaintiff's representative may be present at that time. The exact method of testing will be determined by Special Term. At the conclusion of that testing, Leyland will turn over to plaintiff a copy of its expert's report, with his opinions deleted. Concur — Murphy, P. J., Asch, Kassal and Alexander, JJ.