■ MARIE DI PIANO, as Administratrix of the Estate of ANTHONY DI PIANO, Deceased, et al., Appellants, v YAMAHA MOTOR CORP., U.S.A., et al. Respondents, et al., Defendant. — In an action to recover damages for wrongful death and conscious pain and suffering, based, *inter alia,* upon theories of negligence and strict products liability, the plaintiffs appeal as limited by their brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated January 10, 1984, as granted that branch of the motion of the respondents which was to compel them to produce for discovery, inspection and testing the plastic throttle handgrip of the motorcycle which was involved in the accident. The appeal brings up for review so much of an order of the same court, dated March 26, 1984, as, upon renewal and reargument, amended the order dated January 10, 1984 so as to authorize destructive testing of the plastic throttle handgrip at a facility mutually agreeable to the parties in the presence of plaintiffs' experts.

Appeal from the stated portion of the order dated January 10, 1984 dismissed. That portion of the order was superseded by the order dated March 26, 1984, made upon renewal and reargument.

Order dated March 26, 1984 reversed, insofar as reviewed, and, upon renewal and reargument, motion denied, insofar as it sought authorization for destructive testing of the plastic throttle handgrip, without prejudice to renewal after respondents conduct additional inspection and nondestructive testing of the handgrip at issue. Order dated January 10, 1984, amended accordingly.

Plaintiffs are awarded one bill of costs.

Upon this record there was an inadequate basis for Special Term to authorize the destructive testing of the plastic throttle handgrip in question. Our decision, however, is without prejudice to respondents, if they determine that destructive testing will be required following their inspection of the handgrip in issue, to apply to Special Term for permission to conduct destructive testing. At that time respondents can state the basis for their belief that such testing is necessary, and list the specific tests sought to be conducted. Plaintiffs will then have an opportunity to oppose the motion, and Special Term may determine within a more precise factual context whether such testing is appropriate and what safeguards may be required to protect plaintiffs' interests. Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.