■ MATILDA CASTRO et al., Respondents, v ALDEN LEEDS, INC., Defendant, and WESTROCK INDUSTRIES, INC., Appellant. (And a Third-Party Title.)—In an action to recover damages for personal injuries, etc., the defendant Westrock Industries,

Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Benson J.), entered August 20, 1984, as, upon granting that branch of its motion which was for reargument of its motion to strike the plaintiffs' complaint as against it for failure to disclose, adhered to the original decision denying that motion, and failed to grant that branch of its motion which sought, in the alternative, discovery of any reports prepared by plaintiffs' experts regarding scientific tests of the residue of a container of swimming pool chlorination tablets which allegedly exploded.

Order modified by adding thereto a provision granting that branch of appellant's motion which was for discovery of any reports prepared by plaintiffs' experts regarding scientific tests of the substance in question to the extent of directing the disclosure of the portions of such reports containing test results and factual data, redacted to eliminate expressions of opinion by the plaintiffs' experts. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Plaintiffs' time to provide appellant with copies of any such redacted reports is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Although scientific testing may, in an appropriate case, promote the just determination of legal controversies *(Petruk v South Ferry Realty Co.,* 2 AD2d 533, 536-537), testing which destroys or materially alters the item or sample being tested should be permitted only where the court determines, in the exercise of its discretion, that such testing is required in the interest of justice *(see generally,* 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3120.25). The party seeking to conduct destructive testing should provide a reasonably specific justification for such testing including, *inter alia,* the basis for its belief that nondestructive testing is inadequate and that destructive testing is necessary; further, there should be an enumeration and description of the precise tests to be performed, including the extent to which each such test will alter or destroy the item being tested *(Di Piano v Yamaha Motor Corp.,* 106 AD2d 367; *see also, Empire Mut. Ins. Co. v Independent Fuel & Oil Co.,* 37 Misc 2d 905). The court can then determine whether such testing is appropriate and what safeguards may be required in the testing procedure to protect the interests of all parties *(Di Piano v Yamaha Motor Corp., supra,* at p 368).

In the present case, we cannot say that Special Term abused its discretion. Plaintiffs, who were allegedly injured when a container of swimming pool chlorination tablets exploded,

produced a sample of the residue recovered at the site of the explosion for destructive testing by experts selected by appellant Westrock Industries, Inc. (Westrock). Westrock's belated claim that the quantity originally furnished by plaintiffs was inadequate, and that an additional sample of the substance is required to permit further testing, was not supported by a reasonably specific factual justification and provided no basis for Special Term to authorize destruction of additional residue for testing purposes *(see, Di Piano v Yamaha Motor Corp., supra,* at p 368).

However, in view of the fact that the limited quantity of available residue precludes further destructive testing by Westrock, it is unable to duplicate reports prepared by plaintiffs' experts regarding their own testing of the substance in question. Therefore, in order to prevent injustice or undue hardship to Westrock in its defense of this action, we modify the order appealed from by granting that branch of Westrock's motion which sought, as an alternative to further testing, a direction that plaintiffs provide Westrock with any reports pertaining to scientific testing of the residue conducted on plaintiffs' behalf (CPLR 3101 [d]; *see also, Anastasia v Barnes,* 109 AD2d 769; *Kellar v Vassar Bros. Hosp.,* 105 AD2d 691; *Miller v Haug Co.,* 96 AD2d 790; *Morrison v Ellis,* 91 AD2d 1172; *Zimmerman v Nassau Hosp.,* 76 AD2d 921). Such disclosure shall be limited to test results and factual data, and shall not include the opinions, if any, of plaintiffs' experts *(Anastasia v Barnes, supra).* Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.