■ ANNA DI GIOVANNI et al., Appellants, v PEPSICO, INC., et al., Respondents.—Order, Supreme Court, New York County (Tyler, J.), entered March 5, 1985, which denied plaintiffs' motion for the appointment of a Special Referee to supervise discovery and inspection, unanimously modified, on the law, the facts, and in the exercise of discretion, to direct that plaintiffs be given 20 days' notice of the time and place for the inspection and testing of a certain bottle and cap; that, to assure that there is no destruction or change of a certain bottle and cap, a representative and expert of plaintiffs' choice be permitted to be present at the time of any inspection and testing; that plaintiffs be permitted to examine and photograph the items both before and after each stage of any testing; and that the expense of the inspection and testing be borne by the defendants, with copies of the reports of any tests conducted to be furnished to plaintiffs; and, as modified, affirmed, with costs.

Plaintiffs allege that plaintiff Anna Di Giovanni was injured when she was struck in and about her right eye by a metal "twist-off" bottle cap while she was attempting to remove it from a bottle of Pepsi Cola. They allege that "the premature release and propulsion of the cap were due, at least in part, to the weakness of the threads and their defective nature and condition." They state that they "intend to demonstrate at trial the weakness of the threads and the consequent ease with which the cap may be separated and propelled from the bottle." Defendants Pepcom Industries, Inc. and Supermarkets

General Corporation served a notice for discovery and inspection of the bottle and cap. Plaintiffs move, pursuant to CPLR 3104, for the appointment of a Referee to supervise the disclosure, in order to protect and preserve the condition of the cap and bottle during disclosure. They assert that while "[d]efendants are unquestionably entitled to such disclosure * * * it is feared that, during the course of the disclosure, defendants' representatives might inadvertently alter the physical condition of the cap or bottle and that the alteration might preclude the demonstrations which plaintiffs intend to make at trial." They state that "[j]udicial supervision of the disclosure would preclude or substantially lessen the risk of alteration of the physical condition of the cap and bottle." Pepcom and Supermarkets did not oppose the motion. Pepsico did not oppose the motion, provided that the entire cost of the reference be paid by the plaintiffs. Special Term, in a one-sentence decision and order, denied the motion.

The supervisory power conferred by CPLR 3104 should be exercised sparingly and its exercise is not warranted in the absence of special circumstances. (See, *National Dairy Prods. Corp. v Lawrence Am. Field Warehousing Corp.,* 23 AD2d 650 [1st Dept 1965]; *Brooks, Hampton, Levy & Walker v Balaban,* 22 AD2d 679 [1st Dept 1964]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3104:1, p 338.) It does not appear that the bottle and cap to be inspected are complex items which would require extensive metallurgical or chemical tests of a destructive nature.

Plaintiffs' rights can be adequately protected by having a representative and expert of their choice present when the inspection and testing of the items are to be conducted, with the right to photograph the items before and after each stage of any test conducted. Copies of any test reports should be furnished to the plaintiffs and the expense of inspection and testing should be borne by the defendants. (See, CPLR 3101, 3120; *Dunne v Zene,* 88 AD2d 539 [1st Dept 1982]; *Petruk v South Ferry Realty Co.,* 2 AD2d 533, 536 [2d Dept 1956]; *Foster-Lipkins Corp. v Suburban Propane Gas Corp.,* 72 Misc 2d 457 [Sup Ct, Albany County 1973]; *Edwardes v Southampton Hosp. Assn.,* 53 Misc 2d 187, 190 [Sup Ct, Suffolk County 1967]; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3120.25.) Concur—Sullivan, J. P., Carro, Kassal, Rosenberger and Ellerin, JJ.