OPINION OF THE COURT
Marie M. Lambert, S.
In this contested probate proceeding, to be tried before a jury, the objectant has filed an application for pretrial discovery which appears to be one of first impression in this State. The objectant seeks to have the decedent’s original will unstapled and tested for evidence of tampering based on the fact *775 that multiple staple holes exist in the cover of the original will. As the will presently appears, there are two staples, creating four holes. In addition, there are four holes, indicating that at least two staples have at some time been removed. The existing staples overlap the additional holes at the top of the will. The question is whether there are more than eight holes on any interior pages. The proponent opposes the application on the grounds that removal of the staples will create additional holes in the document, possibly creating confusion for the jury.
The decedent executed her will on May 3, 1985. The will was drafted by her daughter, an attorney, and remained in her sole possession until the time of decedent’s death. The daughter testified at a deposition that neither she, nor anyone else to her knowledge, created the multiple staple holes in the will.
The proponent makes several objections to the application. First, the proponent claims the integrity of the document will be compromised by unstapling and testing the will. The proponent also asserts that objectant (a charitable organization) has failed to meet its burden of proof because there has been no showing, by a qualified expert, that there is no less intrusive means of detecting evidence of tampering. The objectant has in fact obtained an expert document examiner to test the will. That examiner has sworn in an affidavit that it is impossible to test the will unless the staples are removed and he is unaware of any other method of properly testing the will without removing the staples. The expert averred also that testing the document will in no way materially alter the will.
The proponent additionally claims that the existence of multiple staple holes in the will itself may or may not evince will tampering. The proponent therefore concludes that evidence would not meet the test of relevancy. However, the existence of multiple staple holes, together with any evidence of tampering elicited from testing, would meet the test of relevancy, namely, having a "tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable.” (1 Bender’s, New York Evidence § 1.08 [1987].)
The court notes that where a conflict exists between the need to test evidence and a claim that testing might impair the condition of the evidence, the general policy of broad disclosure prevails. As long as adequate safeguards are estab *776 lished, testing and inspection are permitted. (Cf., Petruk v South Ferry Realty Co., 2 AD2d 533; Foster-Lipkins Corp. v Suburban Propane Gas Corp., 72 Misc 2d 457.) The testing should be performed in the presence of the court, and the entire testing process should be videotaped, as suggested by the objectant, to insure and safeguard the rights of all parties. Furthermore, the will need not be restapled after examination.
CPLR 3120 provides that after commencement of an action, any party may serve on any other party notice to permit inspection, testing, copying and photographing of any documents which are in control of the party served. The broad disclosure provisions of the rules were designed to advance the function of the trial and to accelerate the disposition of suits. (Rios v Donovan, 21 AD2d 409, 411.) In addition, resort should be had to scientific tests whenever the results disclosed by the tests can aid the just determination of legal controversy. (Cf., Del Ra v Vaughan, 2 AD2d 156.) Accordingly, objectant is entitled to have the will unstapled and tested for evidence of tampering pursuant to CPLR 3120 and the general policy of broad disclosure.
For the aforementioned reasons, the application is hereby granted, subject to the safeguards provided above.