■ EDWARD BURLEY et al., Appellants, v SEARS ROEBUCK AND COMPANY et al., Respondents. [641 NYS2d 113] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), dated December 22, 1994, which denied their motion for leave to proceed with destructive testing of an automobile battery which allegedly exploded when the injured plaintiff attempted to jump-start his car.

Ordered that the order is reversed, as a matter of discretion, with costs, and the motion is granted upon the condition that the defendants be permitted to have a representative present when the inspection and testing of the automobile battery is conducted and to examine, photograph, and videotape the battery before and after each stage of testing.

The Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion for destructive testing of the battery which allegedly exploded as the injured plaintiff attempted to jump-start his car. The plaintiffs established that destructive testing is the only method by which they may obtain the information they seek (*see, Castro v Alden Leeds, Inc.,* 116 AD2d 549; *Di Piano v Yamaha Motor Corp.,* 106 AD2d 367). However, to adequately safeguard the defendants' rights, and to enable the jury to ascertain the original condition of the battery, the defendants should be permitted to have a representative present when the inspection and testing is conducted (*see, Dina v Lutheran Med. Ctr.,* 156 AD2d 421), and to examine, photograph, and videotape the battery before and after each stage of testing (*see, e.g., Di Giovanni v Pepsico, Inc.,* 120 AD2d 413). Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.