■ RUSSELL A. POYER et al., Appellants, v WEGMAN's et al., Defendants, and PEPSICO, INC., Respondent. (And a Third- and Fourth-Party Action.) [662 NYS2d 153] —Casey, J. Appeal from that part of an order of the Supreme Court (Relihan, Jr., J.), entered August 27, 1996 in Tompkins County, which granted defendant Pepsico, Inc.'s motion to compel plaintiffs to, *inter alia*, pay certain expenses relating to discovery.

Plaintiff Russell A. Poyer and his wife, derivatively, commenced this action for injuries he sustained when he ingested glass fragments as a result of the alleged disintegration of the neck of a glass bottle from which he was drinking. The bottle was purchased at a supermarket operated by defendant Wegman's in the Town of Ithaca, Tompkins County. After plaintiffs refused to surrender the bottle and glass fragments unless defendant Pepsico, Inc. incurred all travel expenses for plaintiffs' representative to attend the testing in West Sunbury, Pennsylvania, Pepsico moved to compel production of the evidence. Supreme Court granted the motion and plaintiffs now appeal from only that part of the order as denied their request for travel expenses and limited the times at which their representative could take photographs of the testing procedure.

Inasmuch as the limited issues presented by plaintiffs on appeal do not "affect[ ] a substantial right" (CPLR 5701 [a] [2] [v]), they are not appealable as of right and the appeal should therefore be dismissed. Even if we were to treat plaintiffs' notice of appeal as an application for permission to appeal (*see, Crow-Crimmins-Wolff & Munier v County of Westchester*, 126 AD2d 696), we would nonetheless affirm. Given the nondestructive nature of the testing to be performed, which includes the measurement and visual examination of the glass, it cannot be said that Supreme Court abused its discretionary powers in matters of discovery (*see, Cardiomax, Inc. v Gustafson*, 227 AD2d 812, 813) when it limited photography to before and at the conclusion of the testing process, especially since the items are not to be destroyed (*cf., Burley v Sears Roebuck & Co.*, 226 AD2d 494) and plaintiffs are permitted to have a representative present at all stages of the testing to ensure its integrity. We find that this adequately safeguards against the destruction or abuse of the fragile glass evidence (*see, Di Giovanni v Pepsico, Inc.*, 120 AD2d 413, 414). Furthermore, we find no

abuse of discretion in the court's failure to award travel expenses to enable plaintiffs' representative to observe the testing.

Crew III, J. P., White, Peters and Spain, JJ., concur. Ordered that the appeal is dismissed, without costs.