◼ EILEEN SCHIOPPA, Respondent, v JOHN PALLOTTA, Appellant. [663 NYS2d 51] —In an action to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated June 28, 1996, as granted that branch of the plaintiff's cross motion which was to compel him to produce certain medical records for the purpose of conducting forensic tests thereon.

Ordered that the order is modified by deleting the provision thereof which, in effect, granted that branch of the plaintiff's cross motion which was for leave to conduct tests which may damage or destroy the subject medical records, and that branch of the cross motion is denied without prejudice to the plaintiff to renew her request for such tests upon a showing of the relevant factors as set forth herein; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against the defendant to recover damages for injuries allegedly sustained as a result of medical malpractice. After issue was joined and certain

discovery was conducted, the plaintiff moved, *inter alia*, to compel the defendant to produce the originals of certain medical records for the purpose of conducting forensic tests thereon to determine whether the records had been altered. Although the exact tests to be performed were not set forth by the plaintiff, the arguments of both parties anticipate that certain of the tests may result in damage to and/or the destruction of the records. In the order appealed from, the Supreme Court, *inter alia*, ordered the defendant to produce the records for such testing. We now modify.

Given the liberal interpretation of the rules of disclosure and the arguable relevance of the information sought to be discovered by the testing demanded, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in compelling the defendant to produce the subject medical records for any tests that will not result in damage to or the destruction of the records (*see, Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *Flower Cart v Fackovec*, 163 AD2d 184; *Petruk v South Ferry Realty Co.*, 2 AD2d 533; *Booth, Lipton & Lipton v Cassel*, 51 Misc 2d 853, *affd* 27 AD2d 706; CPLR 3101 [a]; 3120 [a] [2]; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3120.18). However, since some of the tests to be conducted may result in damage to or the destruction of the item tested, the plaintiff was required to set forth the exact tests to be performed, the effect that each test would have on the item tested, and a justification for the need for such testing (*see, Dina v Lutheran Med. Ctr.*, 156 AD2d 421; *Castro v Alden Leeds, Inc.*, 116 AD2d 549; *Di Piano v Yamaha Motor Corp.*, 106 AD2d 367). This would have enabled the court to render an informed decision as to the request and to set forth, if necessary, any safeguards (*see, Di Piano v Yamaha Motor Corp., supra*). Here, the plaintiff failed to make a showing of such factors. Thus, that portion of the order appealed from which, in effect, permitted the plaintiff to conduct tests which may damage or destroy the subject medical records was an improvident exercise of discretion. The order must be modified to deny such relief, without prejudice to the plaintiff to renew her request for such tests upon a showing of the relevant factors set forth above. Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.