PRINCETON INSURANCE COMPANY, as Subrogee of MY ROULA, INC., T/A MIKE'S PLACE, Respondent, v JENNY EXHAUST SYSTEMS, INC., Appellant, and KIDDE FIRE SYSTEMS et al., Respondents, et al., Defendants. [853 NYS2d 580]—

This subrogation action arises out of a fire that occurred on March 4, 2001, at a restaurant in Staten Island. The plaintiff insurer claims, inter alia, that exhaust maintenance work performed by the defendant Jenny Exhaust Systems, Inc. (hereinafter Jenny), caused or contributed to the fire.

Prior to the completion of disclosure, Jenny moved pursuant to CPLR 3126 to strike the complaint insofar as asserted against it on the ground of spoliation of evidence. By order entered August 9, 2005, the Supreme Court denied the motion "without prejudice to defendants, if they be so advised, seeking sanctions upon proper papers following the completion of disclosure or at the trial of this matter." Although Jenny appealed from the order entered August 9, 2005, that appeal was dismissed by this Court for lack of prosecution.

Prior to the completion of discovery, but after receiving photographs of the scene of the fire, Jenny moved for leave to renew the motion to strike the complaint. The Supreme Court, after noting that the "defendants were specifically granted leave to raise the spoliation issue *after* completion of disclosure or at the trial of this matter" (emphasis added), denied the motion as premature. We affirm.

At the outset, inasmuch as Jenny attempts to bring up for review certain matters that were, or could have been, raised on its earlier appeal from the order entered August 9, 2005, such matters are not properly before us (*see Bray v Cox,* 38 NY2d 350 [1976]; *Reshevsky v United Water N.Y., Inc.,* 46 AD3d 532 [2007]), and we decline to reach them in the exercise of our discretion (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750, 756 [1999]).

With respect to issues that could not have been raised on the prior appeal, in light of the express terms of the order entered August 9, 2005, the Supreme Court properly denied as premature Jenny's motion for leave to renew. Rather than accepting the court's invitation to renew its motion only upon completion of discovery, Jenny elected instead to move before even producing a witness for a deposition. Moreover, Jenny failed to demonstrate a reasonable justification for its failure to have proffered, in support of its original motion, the alleged new facts presented in support of its motion for leave to renew (*see* CPLR 2221 [e] [3]; *Madison v Tahir,* 45 AD3d 744 [2007]). Accordingly, the motion was properly denied in any event.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Fisher, Covello and Eng, JJ., concur.