■ Town of Eastchester et al., Appellants, v Shawn's Lawns, Inc., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [858 NYS2d 358]—

In an action to recover damages for injury to real property, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered October 13, 2006, which granted the motion of the defendants Shawn's Lawns, Inc., and Sean Wendell to compel access to their real property for the purpose of conducting sampling and testing of certain fill material, and directed them to pay any costs of repairing the geomembrane after the sampling, and (2) an order of the same court entered January 31, 2007, which denied that branch of their motion which was for leave to reargue and renew their opposition to the defendants' motion to compel and denied that branch of their motion which was pursuant to CPLR 3124 to compel production of certain documents.

Ordered that the appeal from so much of the order entered

January 31, 2007 as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered October 13, 2006 is affirmed; and it is further,

Ordered that the order entered January 31, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In its order entered October 13, 2006 the Supreme Court providently exercised its discretion in granting the respondents' motion to compel the appellants to give them access to the subject property for the purpose of conducting sampling and testing of certain fill material (*see Giorgi v Union Free School Dist. No. 32*, 152 AD2d 621 [1989]; *Castro v Alden Leeds, Inc.*, 116 AD2d 549 [1986]; *Di Piano v Yamaha Motor Corp., U.S.A.*, 106 AD2d 367 [1984]). The respondents made a sufficient showing that such sampling and testing was material and necessary to their defense of the action (*see* CPLR 3101 [a]). The court also providently exercised its discretion in directing the appellants to pay the cost of repairing the geomembrane after the sampling and testing. While the general rule is that a party should shoulder the initial burden of financing his or her own lawsuit (*see Rubin v Alamo Rent-A-Car*, 190 AD2d 661, 663 [1993]), here, based upon the circumstances surrounding discovery, the appellants should have sought a protective order pursuant to CPLR 3103 (a).

The Supreme Court properly denied that branch of the appellants' motion which was for leave to renew their opposition to the respondents' motion to compel. In support of their contention that the sampling and testing would be prohibitively expensive, the appellants submitted a revised estimate of the repair costs, which totaled $125,000 as opposed to the $25,000 that the appellants originally estimated. Inasmuch as the appellants were aware of these alleged new facts (new costs) at the time that they opposed the initial motion and failed to demonstrate a reasonable justification for their failure to proffer, in support of their original motion, the alleged new facts presented in support of that branch of their motion which was for leave to renew, that branch of the motion was properly denied (*see Princeton Ins. Co. v Jenny Exhaust Sys., Inc.*, 49 AD3d 518 [2008]; CPLR 2221 [e]). Finally, the court properly denied that branch of the appellants' motion which was to compel the respondents to provide certain documents to them because the appellants failed to show that such information was "material and necessary" to the prosecution of the action to recover their

remediation costs (CPLR 3101 [a]). Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.