■ STANIMAR NENADOVIC, Plaintiff, v P.T. TENANTS CORP., Now Known as PARK TERRACE GARDENS, INC., et al., Defendants, LIBERTY ARCHITECTURAL PRODUCTS CO., INC., Appellant, and TRACTEL, INC., Respondent. PARK TERRACE GARDENS, INC., Sued Herein as P.T. TENANTS CORP., et al., Third-Party Plaintiffs, v A-TECH ENVIRONMENTAL RESTORATION, INC., Third-Party Defendant-Appellant. (And Other Third-Party Actions.) [923 NYS2d 79]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 5, 2010, which granted defendant Tractel's motion for a protective order, unanimously reversed, on the law and in the exercise of discretion, without costs, the motion denied, and the destructive testing set forth in the protocol permitted, with defendant Tractel permitted to have a representative present during the testing at the expense of Liberty and A-Tech jointly, including reasonable travel and hotel expenses, and to receive a copy of the report of the test results. Appeal from order, same court and Justice, entered January 11, 2011, which granted the motions for reargument of defendant Liberty and third-party defendant A-Tech, and upon reargument adhered to its prior determination, unanimously dismissed, without costs, as academic.

Liberty and A-Tech made a sufficient showing that the destructive testing set forth in the protocol was material and necessary to their defense of the actions, as well as the cross claims for contribution and indemnification asserted by Tractel, and that they would be prejudiced if they were not permitted to perform the tests (see Castro v Alden Leeds, Inc., 116 AD2d 549, 550 [1986]). The protocol specified the precise tests to be performed and the affidavits of their experts indicated the extent to which each test would alter or destroy the scaffold, whose failure caused the injuries to plaintiffs. The experts noted the specific observations which suggested that the scaffold's failure might be attributed to improper design or fabrication of the scaffold. The fact that the condition of the scaffold may have been altered by the passage of time or exposure to the elements may be considered by the factfinder in assessing the weight to accord the test results. From the record, it appears that Liberty and A-Tech will be unable to properly defend themselves without the proposed testing. There is no dispute that numerous photographs of the scaffold exist which will enable the fact-finder to assess its condition prior to the testing. Concur—Gonzalez, P.J., Tom, Andrias, Moskowitz and Freedman, JJ.