■ MICHAEL MATTERN et al., Appellants, v HORNELL BREWING CO., INC., et al., Appellants, and ANCHOR GLASS CONTAINER CORPORATION, Respondent. [924 NYS2d 524]—

In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, and the defendants 1790 Walt Whitman

Corp., doing business as Deli Worx, M.J.G. Deli Corp., doing business as Deli Worx, and Maurice Guidi, doing business as Deli Worx, separately appeal, from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered October 13, 2010, which granted those branches of the motion of the defendant Anchor Glass Container Corporation which were to permit its expert to remove a plastic shrink wrap label from a glass bottle which allegedly caused the injured plaintiff's injuries and to examine and conduct certain testing of the subject bottle and, in effect, granted that branch of the motion of the defendant Anchor Glass Container Corporation which was to permit it to fill the bottle with water prior to the removal of the label, (2) the defendant Maplewood Beverage Packers, LLC, appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendant Anchor Glass Container Corporation which was to permit its expert to remove the plastic shrink wrap label from the subject glass bottle, and (3) the defendants Hornell Brewing Co., Inc., Hornell Brewing Co., Inc., doing business as Ferolito, Vultaggio & Sons, Ferrolito, Vultaggio & Sons, Arizona Beverage Company, LLC, and Beverage Marketing USA, Inc., appeal from the same order.

Ordered that the appeal by the defendants Hornell Brewing Co., Inc., Hornell Brewing Co., Inc., doing business as Ferolito, Vultaggio & Sons, Ferrolito, Vultaggio & Sons, Arizona Beverage Company, LLC, and Beverage Marketing USA, Inc., is dismissed as abandoned; and it is further,

Ordered that the appeal by the defendants 1790 Walt Whitman Corp., doing business as Deli Worx, M.J.G. Deli Corp., doing business as Deli Worx, and Maurice Guidi, doing business as Deli Worx from so much of the order as, in effect, granted that branch of the motion of the defendant Anchor Glass Container Corporation which was to permit to it to fill the bottle with water prior to the removal of the label is dismissed, as those defendants are not aggrieved by that portion of the order; and it is further,

Ordered that order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the motion of the defendant Anchor Glass Container Corporation which was to permit its expert to remove the plastic shrink wrap label from the glass bottle which allegedly caused the injured plaintiff's injuries and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, the

defendants 1790 Walt Whitman Corp., doing business as Deli Worx, M.J.G. Deli Corp., doing business as Deli Worx, and Maurice Guidi, doing business as Deli Worx, and the defendant Maplewood Beverage Packers, LLC, appearing separately and filing separate briefs, payable by the defendant Anchor Glass Container Corporation.

The plaintiff Michael Mattern (hereinafter the plaintiff) and his wife, suing derivatively, commenced this action to recover damages for personal injuries the plaintiff allegedly sustained when he ingested glass fragments while drinking from a 20-ounce glass bottle. The glass bottle was wrapped from the neck to its base in a plastic "shrink wrap" label. Subsequently, the defendant Anchor Glass Container Corporation (hereinafter Anchor), the company which allegedly manufactured the bottle, moved to permit its expert to remove the plastic shrink wrap label from the bottle, fill the bottle with water prior to removal of the label, and to examine and conduct certain testing on the subject bottle. The plaintiffs and the other defendants opposed the removal of the label on the ground that it would cause the destruction of the bottle. By order entered October 13, 2010, the Supreme Court granted Anchor's motion. We modify.

"The party seeking to conduct destructive testing should provide a reasonably specific justification for such testing including, inter alia, the basis for its belief that nondestructive testing is inadequate and that destructive testing is necessary; further, there should be an enumeration and description of the precise tests to be performed, including the extent to which each such test will alter or destroy the item being tested" (*Castro v Alden Leeds, Inc.*, 116 AD2d 549, 550 [1986]; *see Schioppa v Pallotta*, 242 AD2d 698, 699 [1997]). Here, the Supreme Court improvidently exercised its discretion in granting that branch of Anchor's motion which was to permit its expert to conduct destructive testing of the subject bottle by removing the label. Anchor failed to establish the basis for its belief that nondestructive testing was inadequate (*cf. Burley v Sears Roebuck & Co.*, 226 AD2d 494 [1996]), and failed to indicate the extent to which its proposed testing would alter or destroy the bottle (*see Schioppa v Pallotta*, 242 AD2d at 699).

The Supreme Court erred in considering the expert affidavit of R. Keith Painter, which Anchor improperly submitted to the court for the first time in reply (*see Perre v Town of Poughkeepsie*, 300 AD2d 379, 380 [2002]).

The plaintiffs' contention that the Supreme Court erred by, in effect, granting that branch of Anchor's motion which was to permit it to fill the bottle with water prior to the removal of the

label is without merit. Rivera, J.P., Skelos, Florio and Austin, JJ., concur.