■ ARTURO CONSTANTINER et al., Appellants, v THE SOVEREIGN APARTMENTS, INC., Defendant, and ALAN KERSH et al., Respondents. [2 NYS3d 897]—

Order, Supreme Court, New York County (Richard Braun, J.), entered April 3, 2014, which, to the extent appealed from, as limited by the briefs, denied the portion of plaintiffs' motion seeking to compel defendants Alan Kersh and Candace Kersh to allow a bed and an area rug to be temporarily removed from the master bedroom in their apartment so that certain testing of the floor may be performed, and granted so much of the Kershes' cross motion for a protective order as to those items of discovery, unanimously affirmed, without costs.

This action involves a noise dispute between upstairs and downstairs neighbors in a cooperative apartment building located in Manhattan. Plaintiffs allege, inter alia, that the renovations to the floor in their upstairs neighbors' master bedroom violated the Building Code and created an unreasonable amount of noise in plaintiffs' apartment. The court providently exercised its discretion in denying plaintiffs permission to remove the bed, which would require disassembly, and an area carpet from the master bedroom (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223, 224 [1st Dept 2003]). While this request did not involve destructive testing (*see Marty v Morse Diesel*, 161 AD2d 344 [1st Dept 1990]), plaintiffs failed to establish that the relief sought was "material and necessary" (CPLR 3101 [a]), as it would not provide evidence of any noise conditions as they actually exist.

We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick, Feinman and Kapnick, JJ.