■ WILLIAM FREELY, Appellant, v ERIC D. DONNENFELD, M.D., et al., Respondents. [54 NYS3d 63]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Feinman, J.), dated January 13, 2015, which denied his motion for leave to amend the complaint, (2) from an order of the same court, dated January 16, 2015, which, inter alia, denied his motion to compel nonparties to comply with a subpoena duces tecum, (3) from an order of the same court, dated February 6, 2015, which denied, as academic, his motion to compel the defendants to produce original records for forensic analysis, (4) from an order of the same court, dated March 16, 2015, which denied, as academic, his motion to compel disclosure from the defendants, and (5), as limited by his brief, from so much of an order of the same court, entered March 17, 2015, as, upon denying the defendants' motion for a protective order striking portions of his notice to admit, granted leave to renew that motion, and denied, with leave to renew, his cross motion to deem admitted the facts stated in the notice to admit.

Ordered that the appeal from the order dated January 16, 2015, is dismissed as abandoned; and it is further,

Ordered that the order dated January 13, 2015, is affirmed; and it is further,

Ordered that the order dated February 6, 2015, is reversed, on the law, and the plaintiff's motion to compel the defendants to produce original records for forensic analysis is denied on the merits; and it is further,

Ordered that the order dated March 16, 2015, is reversed, on the law, and the plaintiff's motion to compel disclosure from the defendants is denied on the merits; and it is further,

Ordered that the order entered March 17, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff received treatment, including surgery, from the defendants, related to a loss of vision in his right eye. After the surgery, the plaintiff was diagnosed with ectasia, a condition affecting the cornea. The plaintiff thereafter commenced this action, alleging medical malpractice and lack of informed consent. Following discovery, the plaintiff moved for leave to amend the complaint to add causes of action alleging fraud and breach of fiduciary duty. The Supreme Court denied that motion. The plaintiff further moved to compel the defendants to produce original records for forensic analysis, and for further disclosure from the defendants. The court, interpreting that discovery as pertaining to the proposed fraud cause of action, denied those motions as academic.

With respect to a notice to admit served by the plaintiff, the defendants moved pursuant to CPLR 3103 for a protective order striking portions of the notice to admit, and the plaintiff cross-moved to deem the facts stated therein admitted. The Supreme Court denied the defendants' motion with leave to renew upon proper papers, and also denied the plaintiff's cross motion with leave to renew.

The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to amend the complaint to add causes of action alleging fraud and breach of fiduciary duty. In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; *Marcum, LLP v Silva*, 117 AD3d 917 [2014]). Here, the plaintiff's proposed causes of action were palpably insufficient or patently devoid of merit. The allegations of fraud set forth in the proposed amended complaint amounted only to allegations that the defendants concealed their alleged malpractice. This is insufficient to give rise to a cause of action sounding in fraud separate and different from the malpractice cause of action (see *Simcuski v Saeli*, 44 NY2d 442, 452 [1978]). Further, the proposed cause of action alleging breach of fiduciary duty was duplicative of the medical malpractice cause of action (cf. *Baker v Inamdar*, 99 AD3d 742, 744 [2012]).

The Supreme Court improperly denied, as academic, the plaintiff's motions to compel the defendants to produce original records for forensic analysis and to compel other disclosure. The court concluded that those motions were academic in light of its denial of leave to amend the complaint to add a cause of action alleging fraud. Contrary to the court's conclusion, the discovery sought by the plaintiff in these motions did not relate

exclusively to the proposed fraud cause of action. Nevertheless, the motions lacked merit. As to the motion to produce original records for forensic analysis, the plaintiff failed to establish that the proposed testing was not destructive, and failed to adequately indicate the extent to which the testing would alter or destroy the original records (*see Mattern v Hornell Brewing Co., Inc.*, 84 AD3d 1323, 1325 [2011]; *Castro v Alden Leeds, Inc.*, 116 AD2d 549, 550 [1986]). Moreover, the plaintiff failed to establish adequate justification for the testing (*see Mattern v Hornell Brewing Co., Inc.*, 84 AD3d at 1325; *Castro v Alden Leeds, Inc.*, 116 AD2d at 550). As to the motion to compel disclosure, the defendants could not be compelled to produce records, documents, or information that were not in their possession (*see Gottfried v Maizel*, 68 AD3d 1060 [2009]; *Argo v Queens Surface Corp.*, 58 AD3d 656 [2009]).

The Supreme Court did not improvidently exercise its discretion in granting the defendants leave to renew, on proper papers, their motion for a protective order striking portions of the plaintiff's notice to admit (*cf. Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 84 AD3d 1153 [2011]; *Wider v Heller*, 24 AD3d 433, 434 [2005]), and in, consequently, also denying, with leave to renew, the plaintiff's cross motion to deem admitted the facts stated therein.

The plaintiff raises no argument in his brief with respect to his appeal from the order dated January 16, 2015. Accordingly, the appeal from that order must be dismissed as abandoned (*see Roman v Emigrant Sav. Bank-Brooklyn/Queens*, 111 AD3d 692, 695 [2013]; *Delijani v Delijani*, 100 AD3d 951, 952 [2012]).

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.