Appeals from (1) an order of the Surrogate’s Court, Suffolk County (John M. Czygier, Jr., S.), dated August 6, 2013, (2) an order of that court dated December 13, 2013, (3) an order of that court (Stephen L. Braslow, A.S.), dated December 19, 2014, and (4) an order of that court, also dated December 19, 2014. The order dated August 6, 2013, insofar as appealed from, in effect, denied that branch of Anita Taormina’s motion which was for summary judgment revoking the letters testamentary issued to Elena Eckhouse. The order dated December 13, 2013, insofar as appealed from, denied that branch of Anita Taormina’s motion which was to change the venue of the proceeding from Suffolk County to Nassau County. The first order dated December 19, 2014, in effect, upon reargument, adhered to the determination in the order dated December 13, 2013. The second order dated December 19, 2014, insofar as appealed from, denied that branch of Anita Taormina’s cross motion which was for summary judgment on so much of her cross petition as sought to compel certain beneficiaries and their trusts to return alleged excess distributions to the estate and to revoke the letters testamentary and letters of trusteeship issued to Elena Eckhouse.
 

 Ordered that the appeals from the order dated December 13, 2013, and the first order dated December 19, 2014, are dismissed as abandoned; and it is further,
 

 Ordered that the order dated August 6, 2013, is affirmed insofar as appealed from; and it is further,
 

 Ordered that the second order dated December 19, 2014, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to Elena Eckhouse payable by Anita Taormina personally.
 

 Sal Epstein, also known as Salomon Epstein (hereinafter the decedent), died on August 17, 2008, survived by his two daughters, Anita Taormina and Elena Eckhouse, and three grandchildren. In October 2008, the Surrogate’s Court admitted the decedent’s will to probate and issued letters testamentary and letters of trusteeship to his daughters. In May 2013, Eckhouse, as coexecutor and cotrustee, commenced a proceeding pursuant to SCPA 2102 (6) for directions from the Surrogate’s Court regarding disagreements between her and Taormina. Taormina moved for summary judgment dismissing the petition and revoking the letters testamentary issued to Eckhouse on the ground that Eckhouse had overfunded the grandchildren’s trusts. Moreover, Taormina filed a cross petition seeking, inter alia, to compel the grandchildren and their trusts to return alleged excess distributions to the estate and to revoke the letters testamentary and letters of trusteeship issued to Eckhouse to permit the return of the alleged overfund-ing. Subsequently, Taormina cross-moved for summary judgment on the cross petition.
 

 In an order dated August 6, 2013, the Surrogate’s Court, inter alia, denied that branch of Taormina’s motion which was for summary judgment revoking Eckhouse’s letters testamentary. In an order dated December 19, 2014, the court, among other things, denied Taormina’s cross motion for summary judgment on her cross petition. Taormina appeals.
 

 Contrary to Taormina’s contention, she failed to establish, prima facie, that the grandchildren and their trusts “received estate assets in excess of the amount determined on [a] settlement of the account to be due [them and their trusts]” (SCPA 2215 [3]). Accordingly, Taormina was not entitled to summary judgment on so much of her cross petition as sought to compel the grandchildren and their trusts to return the alleged excess distributions to the estate and to revoke letters testamentary and letters of trusteeship issued to Eckhouse to permit the return of the alleged overfunding. Similarly, the Surrogate’s Court properly denied that branch of Taormina’s prior motion which was for summary judgment revoking Eckhouse’s letters testamentary on the same ground.
 

 Since Taormina raises no argument in her brief concerning her appeals from the order dated December 13, 2013, and the first order dated December 19, 2014, the appeals from those orders must be dismissed as abandoned (see Freely v Donnenfeld, 150 AD3d 695, 697 [2017]; Roman v Emigrant Sav. Bank-Brooklyn/Queens, 111 AD3d 692, 695 [2013]).
 

 Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.
 

 Motion by the respondent on appeals from four orders of the Surrogate’s Court, Suffolk County, one dated August 6, 2013, one dated December 13, 2013, and two dated December 19, 2014, respectively, to dismiss the appeal from the order dated December 19, 2014, under Appellate Division Docket No. 2015-01165, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated April 14, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
 

 Ordered that the motion is denied.