Doerrer v Schreiber Foods, Inc. (2019 NY Slip Op 04680)





Doerrer v Schreiber Foods, Inc.


2019 NY Slip Op 04680


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-08582
 (Index No. 68437/14)

[*1]Michelle L. Doerrer, respondent, 
v
Schreiber Foods, Inc., et al., appellants.


Cerussi & Spring, P.C., White Plains, NY (Thomas F. Cerussi and Kevin M. Griffith of counsel), for appellants.
Mirabella & Franzi, Garden City, NY (Rosanna A. Franzi and Timothy J. Broschardt of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated July 12, 2017. The order denied the defendants' motion pursuant to CPLR 3120(1) and 3124, in effect, to permit the alteration of a plastic object for testing.
ORDERED that the order is affirmed, with costs.
In October 2014, the plaintiff commenced this action against the defendants to recover damages for personal injuries she alleges she sustained when she choked on an object that was in a piece of Swiss cheese manufactured and sold by the defendants. According to the plaintiff, she was taken to the hospital where a plastic object that had been in the food was surgically removed from her esophagus. The plaintiff consented to the defendants' request to conduct nondestructive testing and inspection of the plastic object. Thereafter, the defendants moved pursuant to CPLR 3120(1) and 3124, in effect, to permit them to alter the plastic object by slicing a piece off the object in order to use a Fourier Transform Infrared Spectroscopy (hereinafter FTIR) test to determine the object's chemical composition. The defendants argued that a prior FTIR test failed to produce conclusive evidence of the object's chemical composition because of the contour of the object. According to the defendants' expert, cutting a piece from the plastic object would produce a flat surface for testing which would provide conclusive results of the object's chemical composition from the FTIR test. In opposition to the defendants' motion, the plaintiff submitted the affidavit of an expert who opined that a micro-FTIR test would produce conclusive results of the object's chemical composition without altering its integrity. In reply, the defendants' expert did not contest the opinion of the plaintiff's expert that micro-FTIR was an adequate nondestructive test for identifying the chemical composition of the plastic object. By order dated July 12, 2017, the Supreme Court denied the defendants' motion. The defendants appeal.
Although forensic testing may, in an appropriate case, promote the just determination of legal controversies, testing which destroys or materially alters the item or sample being tested should be permitted only where the court determines, in the exercise of its discretion, that such [*2]testing is required in the interest of justice (see Castro v Alden Leeds, Inc., 116 AD2d 549, 550). " The party seeking to conduct destructive testing should provide a reasonably specific justification for such testing including, inter alia, the basis for its belief that nondestructive testing is inadequate and that destructive testing is necessary; further, there should be an enumeration and description of the precise tests to be performed, including the extent to which each such test will alter or destroy the item being tested'" (Mattern v Hornell Brewing Co., Inc., 84 AD3d 1323, 1325, quoting Castro v Alden Leeds, Inc., 116 AD2d at 550).
We agree with the Supreme Court's determination denying the defendants' motion to permit them to alter the plastic object in order to test it on the grounds that the defendants failed to establish that there is no adequate nondestructive test and that altering the evidence is the only method by which they may obtain the information they seek (see Mattern v Hornell Brewing Co., Inc., 84 AD3d at 1325).
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court