Roche v Precision Shooting Equip., Inc. (2024 NY Slip Op 02419)

Roche v Precision Shooting Equip., Inc.

2024 NY Slip Op 02419

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

175 CA 23-01435

[*1]WILLIAM. ROCHE AND KARI ROCHE, PLAINTIFFS-APPELLANTS, V
v
PRECISION SHOOTING EQUIPMENT, INC., DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
LAW OFFICES OF JOHN WALLACE, HARTFORD, CONNECTICUT (KEVIN J. KRUPPA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Craig D. Hannah, J.), entered August 15, 2023. The order, insofar as appealed from, granted the motion of defendant Precision Shooting Equipment, Inc., to compel further testing of a compound bow. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed in the exercise of discretion without costs and the motion is denied.
Memorandum: Plaintiffs commenced this negligence and products liability action seeking damages for injuries sustained by plaintiff William V. Roche when he was struck in the eye while using a compound bow manufactured by defendant Precision Shooting Equipment, Inc. (PSE). PSE moved to compel an inspection of the bow by its expert. Upon agreement of the parties, PSE conducted a visual inspection of the bow and took measurements and photographs. Thereafter, PSE sought additional testing of the bow that would involve replacing a damaged component, re-stringing the bow, making certain evaluations with the string drawn, and then reinstalling the damaged component. PSE's expert averred that the testing was non-destructive. Plaintiffs opposed the proposed further testing of the bow, contending that it would be destructive to the bow and was unnecessary. Plaintiffs now appeal, as limited by their brief, from Supreme Court's order insofar as it granted the motion, and we reverse the order insofar as appealed from.
A party "seeking to conduct destructive testing should provide a reasonably specific justification for such testing including, inter alia, the basis for its belief that nondestructive testing is inadequate and that destructive testing is necessary; further, there should be an enumeration and description of the precise tests to be performed, including the extent to which each such test will alter or destroy the item being tested" (Castro v Alden Leeds, Inc., 116 AD2d 549, 550 [2d Dept 1986]; see Doerrer v Schreiber Foods, Inc., 173 AD3d 838, 839 [2d Dept 2019]). Even assuming, arguendo, that the additional testing proposed by PSE is non-destructive, we conclude that PSE failed to establish in the first instance that the additional testing is "material and necessary" to its defense of the action (CPLR 3101 [a]; see Constantiner v Sovereign Apts., Inc., 126 AD3d 532, 532 [1st Dept 2015]; see generally Forman v Henkin, 30 NY3d 656, 661 [2018]). PSE's expert made only a conclusory statement that re-stringing the bow with an undamaged component "should better represent the condition it was in prior to the" accident (see generally Carter v New York City Bd. of Educ., 225 AD2d 512, 512 [2d Dept 1996]). Therefore, even in the absence of an abuse of the court's discretion, we substitute our own discretion for that of the motion court and deny the motion (see generally Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; Garcia v Town of Tonawanda, 210 AD3d 1483, 1486 [*2][4th Dept 2022]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court